UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

               Plaintiff,

  -against-                                     MEMORANDUM AND ORDER
                                                15 CR 80 (S-2)(ILG)

ALVAUN THOMPSON,

               Defendant.
------------------------------------------------x
GLASSER, United States District Judge:

      The government moved, *in limine*, for an Order that would permit the receipt in evidence of a handwritten confession made by the defendant on September 27, 2015. That confession is admissible, it contends, as direct evidence that the defendant is a pimp who promotes prostitution. The confession relates other events on the occasion he describes for which he was arrested and charged with burglary. The defendant opposes the motion primarily as the confession relates to what he characterizes as "robbery and burglary" as being marginally probative and generally prejudicial. He concedes that his "statement may implicate Mr. Thompson in sex trafficking, but not the <u>charged</u> sex trafficking." Dk. #48, page 2.

## **<u>Discussion</u>**

      A careful reading of his confession begins with his statement that:

> Everything started when my girlfriend got a phone call from a guy looking to pay her for some sex. So we went to the location that was given. At arrival I noted that we had been here (3 or 4) time [sic] before. Now soon as we pulled up I wanted to leave. Because I now [sic] the dude was a funny type. My girlfriend "Destiny" was telling her friend "Bubbles" how the dude be acting (He'll call at girls over, get his services and take his money back or not fully pay). So Bubbles decided to go in there thinking that this time it might be different. So we let her go. She comes back to the car and start to tell us how everything

> went. She said that she knocked and went in the house, he asked her if she was police and if she wasn't could he touch her where she said only if you are not police and have money. So she let him touch her. Then he stated to tell her that he didn't have the money and he was going to pay her later. At that time she left. We sat in the car wait on call to see where she was going next. The same dude call the phone and asked if she can come back, so we okayed it. Me and Bubbles went back.

When viewed as it clearly should be, as conduct that "arose of the same transaction" or series of transactions as the charged offense, then it may be regarded as inextricably intertwined with the conduct charged in the other Counts and not uncharged criminal conduct under Rule 404(b) of the Federal Rules of Evidence. If viewed as "other crimes, wrongs, or acts" under Rule 404(b), the statements are plainly admissible to prove the defendant's knowledge of prostitution, his intent to engage in it, or preparation and plan, and its probative value could not plausibly claim to be prejudicial given the crimes with which the defendant is charged.

That portion of his confession which relates to events which occurred when they returned to the house has little, if any, probative value and its admissibility is denied.

SO ORDERED.

Dated:     Brooklyn, New York
             November 3, 2015

_____/s/_____
I. Leo Glasser